HALL, Judge.
Decedents were the owners of all the shares of stock of two corporations, which shares are included among the assets of each succession under administration. Two of several residuary legatees sought mandatory injunctive relief against the testamentary executors to require the executors to give them advance notice of the meetings of the board of directors of each corporation, to furnish them with copies of the minutes of the board meetings, and particularly to secure the attendance of the legatees or their counsel at all future meetings of the directors. The legatees’ petitions were dismissed when an exception of no cause of action was sustained in each succession proceeding. The legatees appeal. We affirm.
The injunction was sought on allegations that petitioners have not been furnished with requested information concerning the operation of the corporations, that one of the defendant-executors who is president of both corporations has received unauthorized payments from the corporations, and that the corporations are being used as a shield to prevent petitioners from being informed as to the true status of the affairs of the successions in violation of the executors’ fiduciary duty.
The allegations of the petitions do not allege a cause of action for the relief sought, which is to require the executors to secure the attendance of petitioners or their counsel at all meetings of the boards of directors of the corporation and to keep petitioners informed about board meetings of the corporations. Petitioners cite no law which would give them the right, even if they were shareholders of the corporations, which they are not, to attend meetings of the boards of directors. Further, petitioners cite no authority which requires executors of successions, authorized to continue the business of the successions, to keep residuary legatees advised of day-to-day operations of the successions’ business; Certainly, directors of corporations owe to share *904 holders a duty of faithful administration of the corporations’ affairs, and executors owe to legatees a duty of faithful administration of succession affairs. Statutes governing corporations and the administration of successions require certain reports and accountings by corporate officers and directors and by succession representatives. Petitioners do not allege noncompliance with any such statute. The allegations of the petitions do not set forth any breach of duty on the part of the executors which threatens to cause petitioners irreparable injury, or for which there are no other adequate remedies, or for which the relief sought would be an appropriate remedy.
The exceptions of no cause of action were correctly sustained and the judgments dismissing the legatees’ petitions are affirmed at petitioners’ costs.